Arkansas Libertarians Eliminating Regressive Taxes (ALERT) c/o Gerhard Langguth 243 White Road Russellville, AR 72802
Ladies and Gentlemen:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of a popular name and ballot title for a proposed constitutional amendment. You previously submitted a proposed popular name and ballot title for a similar measure, which I rejected due to ambiguities in the text of your measure. See Op. Att'y Gen. 2001-081. You have made revisions to your proposed amendment and now submit the following popular name and ballot title for my certification:
 Popular Name AMENDMENT ELIMINATING TAXES ON FOOD AND MEDICINE Ballot Title THE PEOPLE OF ARKANSAS EXERCISING THEIR RESERVED POWERS HEREBY ABOLISH AND FOREVER PROHIBIT THE TAXATION OF FOOD AND MEDICINE WITHIN THIS STATE.
 FOR THE PURPOSES OF THIS AMENDMENT, "FOOD" SHALL MEAN ANY ITEM THAT WAS ELIGIBLE FOR PURCHASE WITH FEDERAL FOOD STAMPS ON APRIL 1, 2001 OR IS OTHERWISE AVAILABLE UNDER ANY STATE OR FEDERAL NUTRITION ASSISTANCE PROGRAM AS EXISTING ON APRIL 1, 2001, AND; "MEDICINE" SHALL MEAN ANY ITEM BEING FURNISHED OR AVAILABLE AT A REDUCED COST UNDER ANY STATE OR FEDERAL HEALTH CARE ASSISTANCE PROGRAM ON APRIL 1, 2001.
 ALL NEW, ADDITIONAL OR INCREASED TAXES NOT EXEMPTING FOOD AND MEDICINE SHALL BE VOID. TAXES ON FOOD AND MEDICINE ESTABLISHED BEFORE THE EFFECTIVE DATE OF THIS AMENDMENT SHALL EXPIRE ON JULY 4TH, 2003, EXCEPT THAT THOSE REQUIRED TO SECURE BONDS OR OTHER CONTRACTUAL OBLIGATIONS MAY BE EXTENDED TO SATISFY THOSE OBLIGATIONS PROVIDED THAT ALL REVENUE FROM SUCH TAXES REGARDLESS OF THE SOURCE SHALL BE USED EXCLUSIVELY TO FULFILL AND TERMINATE SUCH CONTRACTS AT THE EARLIEST POSSIBLE DATE.
 THIS AMENDMENT ABOLISHES ALL FORMS AND TYPES OF TAXES ON FOOD AND MEDICINE. THE LOSS OF SUCH REVENUE WILL EFFECT STATE, COUNTY AND LOCAL GOVERNMENTS AND MAY REQUIRE A REDUCTION OF SERVICES, AN INCREASE IN OTHER TAXES OR BOTH.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment or act. See Arkansas Women's PoliticalCaucus v. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185
(1958); Becker v. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555
(1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285,884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34
(1990); Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v.Hall, supra; and Walton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see
A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. §7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian CivicAction Committee v. McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Applying the above precepts, it is my conclusion that your proposed popular name is sufficient, as submitted. However, a more suitable, complete, and correct ballot title should be substituted for the one you have proposed. The following is hereby certified in order to insure that, when construed together, the popular name and ballot title accurately set forth the purpose of the proposed amendment:
 Ballot Title AN AMENDMENT TO THE ARKANSAS CONSTITUTION, ABOLISHING AND PROHIBITING TAXATION ON FOOD AND MEDICINE; DEFINING" FOOD" TO MEAN "ANY ITEM THAT WAS ELIGIBLE FOR PURCHASE WITH FEDERAL FOOD STAMPS ON APRIL 1, 2001 OR IS OTHERWISE AVAILABLE UNDER ANY STATE OR FEDERAL NUTRITION ASSISTANCE PROGRAM AS EXISTING ON APRIL 1, 2001;" DEFINING "MEDICINE" TO MEAN "ANY ITEM BEING FURNISHED OR AVAILABLE AT A REDUCED COST UNDER ANY STATE OR FEDERAL HEALTH CARE ASSISTANCE PROGRAM ON APRIL 1, 2001;" PROVIDING THAT ALL NEW, ADDITIONAL, OR INCREASED TAXES NOT EXEMPTING FOOD AND MEDICINE SHALL BE VOID; PROVIDING THAT TAXES ON FOOD AND MEDICINE ESTABLISHED BEFORE THE EFFECTIVE DATE OF THIS AMENDMENT SHALL EXPIRE ON JULY 4TH 2003, EXCEPT THAT THOSE REQUIRED TO SECURE BONDS OR OTHER CONTRACTUAL OBLIGATIONS MAY BE EXTENDED TO SATISFY THOSE OBLIGATIONS; AND REQUIRING THAT ALL REVENUE FROM SUCH TAXES REGARDLESS OF SOURCE SHALL BE USED EXCLUSIVELY TO FULFILL AND TERMINATE SUCH CONTRACTS AT THE EARLIEST POSSIBLE DATE. THIS AMENDMENT ABOLISHES ALL FORMS AND TYPES OF TAXES ON FOOD AND MEDICINE (AS THOSE TERMS ARE DEFINED HEREIN) AND WILL RESULT IN A LOSS OF REVENUE FOR STATE, COUNTY, AND CITY GOVERNMENTS, AS WELL AS SCHOOL DISTRICTS, WITH THE RESULT THAT A REDUCTION IN THE SERVICES PROVIDED BY THOSE ENTITIES AND/OR AN INCREASE IN OTHER TAXES MAY BE REQUIRED.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers must precede every petition, informing them of the privileges granted by the Constitution and of the penalties imposed for violations of this act. Enclosed herewith, over the signature of the Attorney General, are instructions that should be incorporated in your petition prior to circulation.
Sincerely,
MARK PRYOR Attorney General
Enclosure